## A. JACKSON DOWNING *vs.* MARGARET O'BRIEN.

Where, in an action upon a promissory note, the defendant pleads that, at the time of making said note, she was a married woman, and that it was not made for the benefit of her separate estate, and was without consideration, the production of the note on the trial, with proof of the defendant's signature thereto, entitles the plaintiff, *prima facie*, to recover, upon the ground that it is, apparently, upon its face, the note of an unmarried woman.

But when, upon the defence, proof is made of the coverture of the defendant, the presumption is changed. Such proof destroys the plaintiff's cause of action, at common law; and if the defendant, and the case, are within the

Downing *v.* O'Brien.

exception of the statutes relating to married women, the plaintiff is bound and entitled to prove it, in reply to such proof.

A ruling which casts upon the defendant the burden of proving a negative, and of making out affirmatively that she had no separate estate, did not carry on any separate business, nor make the contract in question for the benefit of her separate estate or business, is erroneous.

The defence of coverture having been set up in the answer, the defendant, after proving that at the time of making the note, she was a married woman, has established, *prima facie*, a perfect defence to the action.

Such defence can only be overcome by proof that she had a separate estate, or that she was carrying on a separate business on her own account, and that the note was given for her own benefit, within the statutes removing the disabilities of coverture, in those particulars.

APPEAL from a judgment entered on a verdict at the circuit.

The action was brought upon a promissory note as follows :

"*Macedon, March 5*, 1873.

$45.50.

Eight months after date, I promise to pay to the order of Wm. O'Brien forty-five $\frac{50}{100}$ dollars, at the First National Bank of Palmyra, value rec'd with interest.

(Signed)     MARGARET O'BRIEN."

Indorsed "WILLIAM O'BRIEN."

The defendant pleaded that at the time of the making of said note, she was a married woman, and the wife of the defendant William O'Brien; and that such note was not made for the benefit of her separate estate, and was without consideration.

The issue was tried at the Wayne circuit, in November, 1875, by the judge, without a jury. He directed a verdict for the plaintiff for $55.06.

The opinion sufficiently presents the points arising on the trial, and decided by the court.

*J. W. Collins*, for the appellant.

——————, for the respondent.

*By the Court,* E. DARWIN SMITH, J. The defence of coverture having been set up in the answer, when the defendant had proved that she was a married woman at the time of making the note, she had established, *prima facie,* a perfect defence to the action. Such defence could only be overcome by proof that she had a separate estate, or that she was carrying on a separate business on her own account, and that said note was given for her own benefit, within the statutes of this state removing the disability of coverture, in those particulars.

The common law was, and is, that all personal contracts of married women are absolutely void. The ability to make a valid contract, allowed by those statutes, constitutes an exception to the general rule. The party who claims the benefit of such exception, and to enforce a contract thus presumptively void, must bring it and his case within the exception of the statute.

The production of the said promissory note, with proof of the defendant's signature thereto, at the circuit, entitled the plaintiff, *prima facie,* to recover upon the ground that it was apparently, upon its face, the note of an unmarried woman. The plaintiff was entitled, therefore, to rest upon the mere proof of the defendant's signature, as he did at the trial.

But when, upon the defence, proof was made of the coverture of the defendant, the presumption changed. This proof destroyed the plaintiff's cause of action, at common law, and if the defendant and the case were within the exception of our statute, the plaintiff was bound and entitled to prove it, in reply to such proof, in the same manner as, in our former system of pleading, the plaintiff would be bound to reply such facts to a plea of coverture.

The ruling at the trial, to the contrary, was therefore error. It treated the defendant as if the general rule of law were that married women were presumptively liable on all their contracts, and that they must show an ex-

emption from such liability, to establish a defence to the action.

This is the reverse of the rule as hitherto held and applied, as I understand it, in this class of cases, and is quite an injurious ruling if sustained, as against married women. The law has been careful to protect married women in respect to contracts made by and with them, from any injustice and imposition.

The ruling in this case casts the burden upon the defendant to prove a negative, and to make out affirmatively that she had no separate estate, and did not carry on any separate business, and did not make the contract in question for the benefit of her separate estate or business.

The effect of the ruling is seen upon the finding of the learned judge upon the facts. Instead of finding that said note was given either for the benefit of her separate estate or for her benefit in carrying on a separate business, or on the credit of her separate estate—which would have warranted the judgment against her and was the question in issue—the learned judge finds that it does not appear that she made the note as a surety for her husband, or any other person, and that it appears from the form of the note that she executed the same as the principal debtor, and for her own benefit, thus inverting the issue and rule of liability, and giving force to the error of the ruling that the burden of the proof was upon her to show affirmatively her exemption from liability, by a preponderance of evidence.

This case was tried by the judge without a jury; and it may be that no substantial injustice was done by this ruling in respect to the burden of proof, but the question is one of considerable practical consequence, and we are not at liberty to overrule the exception upon that assumption. The ruling is in conflict with what has been held in *Kinne* v. *Kinne*, (45 *How.*, 68;) *Hallock* v. *De Munn*, (2 *N. Y. Sup. C.*, 350;) *Stevens* v. *Bost-*

*wick*, (4 *id.*, 632 ;) *Williamson* v. *Dodge*, (12 *id.*, 497 ;) and other cases.

The judgment should be reversed, and a new trial granted, with costs to abide the event.

New trial granted.

[FOURTH DEPARTMENT, GENERAL TERM at Syracuse, January, 1876. *Mullin, E. D. Smith* and *Talcott*, Justices.]